IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PRESTON MCRAE SMALLS, | ) | Criminal Nos. 2:98-CR-1240-DCN |
| | ) | 2:99-CR-0325-DCN |
| Petitioner, | ) | 2:99-CR-0327-DCN |
| | ) | 2:99-CR-0328-DCN |
| vs. | ) | 2:99-CR-0329-DCN |
| | ) | 2:99-CR-0330-DCN |
| UNITED STATES OF AMERICA, | ) | 2:99-CR-0331-DCN |
| | ) | 2:99-CR-0332-DCN |
| | ) | 2:99-CR-0333-DCN |
| Respondent. | ) | |
| _____ | ) | **ORDER** |

This matter is before the court on petitioner's pro se motion for reconsideration of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Petitioner seeks immediate release as a result of Amendment 742 to the United States Sentencing Guidelines (USSG), which took effect on November 1, 2010. In response, the government filed a motion to dismiss, or in the alternative, a motion for summary judgment. For the reasons set forth below, the court denies petitioner's motion for reconsideration and grants respondent's motion for summary judgment.

## I. BACKGROUND

Petitioner is presently confined in a community corrections facility in Atlanta, Georgia. On July 29, 1999, the undersigned sentenced petitioner to 120 months in prison after he pled guilty to a two-count indictment, eight informations charging him with various violations of 18 U.S.C. § 1951, and an information charging him with a single violation of 18 U.S.C. § 924(c). He is scheduled for release on August 6, 2011.

Following his sentencing, petitioner has filed numerous motions. On February 16, 2001, petitioner filed a motion to reduce his sentence. This court subsequently denied the

motion on August 20, 2001. On August 29, 2001, petitioner filed a notice of appeal, which was dismissed by the United States Court of Appeals for the Fourth Circuit on January 29, 2002. On March 11, 2003, petitioner filed a motion to modify his term of imprisonment. This court denied that motion on July 12, 2004. On July 26, 2004, petitioner filed a motion to compel this court to respond to his 28 U.S.C. § 2255 motion. On January 3, 2005, this court issued an order denying petitioner's motion to compel. On March 3, 2005, petitioner filed a motion for reconsideration of his sentence based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). This court denied the motion for reconsideration on November 21, 2005.

On February 12, 2007, petitioner filed a second motion to modify his sentence, which was dismissed by this court on February 15, 2007. On February 27, 2007, petitioner filed another notice of appeal. Once again, on October 16, 2007, the Fourth Circuit dismissed his appeal.

On September 2, 2010, petitioner filed the motion for reconsideration of sentence now before the court. Despite the fact that his sentence will be completed in approximately three weeks, he argues that he should be released immediately as a result of Amendment 742 to the USSG. Amendment 742 went into effect on November 1, 2010, and struck the "recency" provision found at §4A1.1(e) in prior versions of the guidelines. The "recency" provision, in effect at the time of petitioner's sentencing, stated that the court should "[a]dd **2** [criminal history] points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If **2** points are added for item (d), add only **1** point for this item." United States Sentencing

Commission, Guidelines Manual, §4A1.1(e) (Nov. 2009) (emphasis in original).

In response, on January 24, 2011, the government filed a motion to dismiss, or in the alternative, a motion for summary judgment. The government argues that petitioner has failed to state grounds sufficient for setting aside the judgment under 18 U.S.C. § 3582(c)(2).

## II. PRO SE PETITIONS

Petitioner is proceeding pro se in this case. Pro se petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a petition filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The nonmovant "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)). Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson, 477 U.S. at 255. However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

## IV. DISCUSSION

Ordinarily, a district court cannot modify a term of imprisonment once it has been imposed; however, 18 U.S.C. § 3582(c) provides exceptions to this rule. In his motion, petitioner claims that the exception found at § 3582(c)(1)(A)(i) is applicable:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that –
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction . . . .

(Emphasis in original). This subsection is clearly inapplicable because the Director of the Bureau of Prisons has not filed a motion requesting that the court reduce petitioner's term of imprisonment. The subsection most congruous with petitioner's argument is § 3582(c)(2):

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon

> motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis in original). Before reducing a sentence pursuant to § 3582(c)(2), a two-step inquiry is required: "A court must first determine that a reduction is consistent with [USSG §1B1.10] before it may consider whether the authorized deduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010).

Accordingly, the court must first look to USSG §1B1.10(a)(1):

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(c) lists the covered amendments. The amendment relied upon by petitioner, Amendment 742, is not included in §1B1.10(c); therefore, his proposed reduction is unwarranted and the court need not proceed to a §3553(a) factor analysis. Since petitioner provides no other basis for his motion, summary judgment in favor of respondent is appropriate.

## V. CONCLUSION

For the reasons set forth above, the court **DENIES** petitioner's motion for reconsideration of sentence and **GRANTS** respondent's motion for summary judgment.

    **AND IT IS SO ORDERED**.

                                                 **DAVID C. NORTON**
                                               **CHIEF UNITED STATES DISTRICT JUDGE**

**July 13, 2011**
**Charleston, South Carolina**